# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VEGAS, | 1:08-CV-01762 LJO SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CSP-CORCORAN I, | [Doc. 1] |
| Respondent. | |

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on November 18, 2008. Petitioner indicates that his release date was October 28, 2008, and the prison personnel are attempting to commit him to the California State Hospital as a sexually violent predator ("SVP"). (Petition, at 3.)

Any challenge to a future determination that Petitioner is a SVP is not yet ripe for review because such determination has not and may not be made. Petitioner's fear that respondent may take an action against him does not create a case or controversy because such a case is not ripe for adjudication.[1] The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580 (1985). The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases,

---

[1] Petitioner is advised that to the extent he is a pre-trial detainee, he may not seek habeas relief under § 2254 but may do so under § 2241. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

1

but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, (9th Cir.2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 200-01 (1983); Dames & Moore v. Regan, 453 U.S. 654, 689 (1981). Ripeness is, thus, a question of timing. Regional Rail Reorganization Act Cases, 419 U.S. 102, 139 (1974). Thus, no case or controversy currently exists, and there is a real likelihood that Petitioner's claim will never present a case or controversy. The Supreme Court has cautioned against courts "entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). Therefore, the Court must dismiss the petition because Petitioner's claim is not ripe for adjudication.

In addition, this Court must abstain from any ongoing state court proceedings. The federal courts have an enduring obligation to exercise jurisdiction over all cases properly before them. However, pursuant to 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction or stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Subject to few exceptions, state courts must be permitted to try state cases free from interference by federal courts. Younger v. Harris, 401 U.S. 37, 43 (1971). When federal courts are asked to enjoin pending state court proceedings, "the normal thing to do . . . is not to issue such injunctions." Id. at 44. This concept of non-interference by federal courts in state court proceedings is known as the Younger abstention doctrine.

The Supreme Court has explained that the fundamental policy reason for the doctrine of abstention is "comity," that is, "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. Also foundational is "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and

will not suffer irreparable injury if denied equitable relief." Id. at 43.  Under our Constitution, the abstention doctrine is important "in order to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." Id. at 44.  For these reasons, courts of equity are restrained from interfering with criminal prosecutions.

Because the action is "in aid of or closely related to" a criminal statute, to wit, California's SVPA, the state is a party, and an important state enforcement policy - protection of the public from sexually violent predators - is at stake, the Younger doctrine necessarily applies. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Huffman v. Pursue, 420 U.S. 592, 603 (1975); Moore v. Sims, 442 U.S. 415, 423 (1979).  Therefore, under Younger, this Court must abstain from interfering with the state proceedings if: 1) the state judicial proceedings are ongoing; 2) the state proceedings implicate important state interests; and 3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. Middlesex, 457 U.S. at 432.  Furthermore, the Supreme Court has stated:

> Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith and without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.

Perez v. Ledesma, 410 U.S. 82, 85 (1971).

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  The instant petition for writ of habeas corpus is dismissed; and
2.  The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 24, 2008**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE